UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARCO McKINLEY, by Next Friend and Mother, AVIS LOVE; and AVIS LOVE, :<br><br>*Plaintiffs*, :<br>v. :<br>:<br>MARVIN LOTT, JAMES WARD, :<br>DARYL DALLAS, Individually and as :<br>Principal and Teachers of Brainerd High :<br>School; OFFICER CHAD SUTTLES, :<br>Individually and as a Chattanooga City :<br>Police Officer and School Resource :<br>Officer; and the HAMILTON COUNTY :<br>DEPARTMENT OF EDUCATION, :<br>:<br>*Defendants*. : | No. 1:03-cv-269<br>*Edgar* |

**MEMORANDUM**

**I.     Introduction**

Currently pending before the Court is the motion of the defendants; Marvin Lott, individually and as Principal of Brainerd High School; James Ward, individually and as a teacher at Brainerd High School; Darrell Dallas, individually and as a teacher at Brainerd High School and the Hamilton County (Tennessee) Department of Education, ("the HCDOE defendants") for a summary judgment [Doc. No. 51] on the remaining claims of the plaintiff against them. Plaintiff, Marco McKinley ("McKinley") has filed a response to the HCDOE defendants' motion for a summary judgment [Doc. No. 58] and deposition excerpts in support of his response to the HCDOE defendants' summary judgment motion [Doc. No. 61].

Consequently, the motion of the HCDOE defendants for a summary judgment on McKinley's remaining claims against them [Doc. No. 51] is now ripe for review. For the reasons set forth in

detail below, the motion of the HCDOE defendant for a summary judgment on McKinley's remaining claims against them [Doc. No. 51] will be **GRANTED**.

## II. Background

McKinley/Love filed his complaint on August 4, 2003 [Doc. No. 1], alleging violations of various of his constitutional rights. On January 28, 2004, the HCDOE defendants filed a motion to dismiss McKinley/Love's complaint for failure to state a claim upon which relief can be granted. [Doc. No. 14].

In an Order, dated May 12, 2004, this Court granted, in part, the HCDOE defendants' motion to dismiss for failure to state a claim upon which relief can be granted [Doc. No. 32]. This Court's May 12, 2004 order dismissed all of McKinley/Love's claims against the HCDOE defendants except: (1) McKinley/Love's claim that he was denied procedural due process under the Fourth Amendment to the United States Constitution and (2) McKinley/Love's claim that he was compelled to testify against himself in violation of his rights under the Fifth Amendment to the United States Constitution. *Id.*

In the separate memorandum which accompanied this Court's May 12, 2004 order [Doc. No. 31], the Court extensively discussed the factual background of this action. Accordingly, the Court will in the instant memorandum discuss only such facts as are necessary to resolve the issues presented by the HCDOE defendants' motion for a summary judgment.

## III. The HCDOE defendants' motion for a summary judgment [Doc. No. 51]

### A. Summary Judgment Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In ruling on a

2

motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.***,** 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

    **B**.    **<u>Analysis</u>**

The HCDOE defendants contend they are entitled to a summary judgment on McKinley/Love's remaining claims against them [Doc. No. 31]. Specifically, the HCDOE defendants contend that McKinley suffered no deprivation of procedural due process because McKinley/Love was given a written explanation of the reason for his suspension/one-semester transfer to an alternate school and a written description of the steps he needed to take to appeal his suspension to the Hamilton County Board of Education. *Id.* The HCDOE defendants note, however, that during his February 23, 2005 deposition [Doc. No. 31], McKinley admitted that he

3

was aware he could appeal the suspension/transfer to an alternate school, but that McKinley/Love elected to forego any appeal. *Id.* Consequently, the HCDOE defendants assert that McKinley/Love suffered no deprivation of procedural due process pursuant to the Fourth Amendment.

Further, the HCDOE defendants also contend that McKinley suffered no deprivation of his rights under the Fifth Amendment. Specifically, the HCDOE defendants contend that McKinley's claim that Dr. Lott badgered him into confessing he had used marijuana, when he had not, and used this improperly obtained confession as the basis for pressing charges against him in juvenile court, does not amount to a Fifth Amendment violation [Doc. No. 31]. The HCDOE defendants contend: (1) that the juvenile charges against McKinley were dismissed without a trial; (2) that no one, including the HCDOE defendants, ever sought to introduce McKinley's confession against him at any stage of the criminal process; and (2) since McKinley's confession was never used against him, he was not compelled to testify against himself and no violation of his Fifth Amendment rights occurred. [Doc. No. 31].

Attached to the HCDOE defendants' motion for a summary judgment is the May 4, 2005 affidavit of Dr. Marvin Lott. [Doc. No. 31, pp. 21-23]. During the time period covered by this action, Dr. Lott was the principal of Brainerd High School. *Id.* at ¶ 1. Dr. Lott's affidavit states in pertinent part:

> 2. On August 13, 2002, the first day of school for the 2002-2003 school year, Darryl Dallas brought four students into my office upon suspicion that they had been smoking marijuana before school. One of these . . . was . . .Marco McKinley.
>
> 3. . . . I noticed the heavy smell of marijuana smoke on each of them.
>
> 4. I asked each of the students if he had been smoking marijuana. Initially, each student denied having smoked marijuana. I told them that it was obvious to me that they had in fact been smoking. I also

4

> told them that I would be lenient with them if they confessed; on the other hand, I promised to throw the book at them if they lied.
>
> 5. At that point, each student said "Yeah, we've been smoking." . . . .
>
> 6. At that point, Officer Chad Suttles, Brainerd High School's School Resource Officer, informed the students that he would be taking them to juvenile court.
>
> 7. At my direction, the school office then prepared the appropriate paperwork to document the disciplinary action I was taking against these students. Since the boys had confessed to a drug-related offense, they were subject to the Hamilton County Department of Education's zero tolerance policy, meaning that they faced long-term suspension or expulsion. While I intended to recommend leniency, the boys and their parents nevertheless had the right to request a hearing to challenge my decision . . .
>
> 8. To my knowledge, neither Marco nor his mother requested a hearing challenging either my finding of guilt or my recommendation of leniency. Accordingly, Marco was sent to the alternative school for the remained of the fall 2002 semester.
>
> 9. To my knowledge, Marco McKinley was never prosecuted criminally for his actions. I know that the district attorney never contacted me to testify against Marco. Even if he had done so, however, I would not have been eager to pursue this matter in the criminal court inasmuch as I had promised leniency in return for his admission of responsibility. I felt a transfer to the alternative school for one semester was sufficient punishment under the circumstances.

[Doc. No. 52, pp. 21-23].

Also attached to the HCDOE defendants' motion for a summary judgment is the August 15, 2002 letter informing McKinley's mother, Avis Love, of her son's suspension. The August 15, 2002 letter, which is signed by Superintendent Jesse B. Register, states in pertinent part:

> You may request the Hamilton County Board of Education review this decision by providing written notice to my office within five (5) calendar days of receipt of this letter.

[Doc. No. 52, Exhibit 4].

In addition, the notice of McKinley's suspension is also attached to the HCDOE defendants' motion for a summary judgment [Doc. No. 52, Exhibit A]. Under the heading "Due Process Rights" the letter states in pertinent part:

- You have the right to appeal the decision of the Zone Disciplinary Hearing Committee to the Superintendent or Disciplinary Hearing Official and the School Board.

- **<u>Zero Tolerance Offenses</u>** may be appealed by calling Dr. Robert Smith at 209-8430 to schedule an appointment.

- **IT IS THE RESPONSIBILITY OF THE PARENT/GUARDIAN OR STUDENT, IF OVER 18 YEARS OF AGE, TO REQUEST AN APPEAL HEARING AND APPEAR AT THE HEARING ON TIME.**

[Doc. No. 52, Exhibit A](emphasis in original).

Finally, attached to the HCDOE defendants' motion for a summary judgment is a portion of the February 23, 2005 deposition of Marco McKinley. In pertinent part, McKinley's deposition stats:

> Q   So each time you went back [to juvenile court] Officer Suttles wasn't there?
>
> A   Nobody showed up.
>
> Q   Dr. Lott wasn't there?
>
> A   No?
>
> Q   Frank Jones, the assistant principal at Brainerd, he wasn't there either?
>
> A   Nobody
>
> Q   Okay. So do I understand correctly, then, at no point did anybody testify against you and say –
>
> A   No.

> Q – Marco McKinley confessed to smoking marijuana?
>
> A. No.
>
> Q Nobody ever mentioned that?
>
> A Nobody. No. . . .
>
> Q . . . Now, this drug charge that you had in August, what happened to it? Did the Court ever bring it back and use it against you?
>
> A No. They didn't ever bring it back . . .

[Doc. No. 52, Deposition, pp. 69-70, 73].

McKinley was also asked about the notice of suspension he received. During his deposition he testified in pertinent part:

> Q - - at the very bottom of that it has in bold letters it is the responsibility of the parent, guardian, or student if over 18 years of age to request an appeal hearing and appear at the hearing on time. Do you see that?
>
> A Yes, sir.
>
> Q Okay. Did you or your mom ever request an appeal?
>
> A My momma – my momma, I guess she didn't really think it was possible to have an appeal because she said – because she was told that we wouldn't win the appeal basically. That's what she was told . . .
>
> Q So your mom told you that you could have an appeal, but you probably wouldn't win it?
>
> A Yeah. And then that was just - - and if I – she said if you try to appeal it and you don't win, that will just put you out of school for a longer time.
>
> Q Okay. So, then, she knew that she had a chance to appeal this, but she just decided it wouldn't be a good idea to try?
>
> A Yeah, because she said she didn't want me to get put out of school for

7

>           a large amount of time. . . .
>
>    Q     Okay. So y'all just decided not to do the appeal and go ahead and get
>          this over with?
>
>    A     Yeah.

*Id.*, pp. 81-82, 88.

### (1)    McKinley's Procedural Due Process Claim

In this Court's memorandum and order of May 12, 2004, the Court found that the HCDOE defendants were not entitled to dismissal under Fed. R. Civ. P. 12(b)(6) of McKinley's claim that he was denied procedural due process in connection with her reassignment from Brainerd High School to the Washington Alternative School [Doc. No. 31, p. 16]. Relying on the decision in *Goss v. Lopez*, 419 U.S. 565, 577, 95 S. Ct. 729, 738 (1975) and Tenn. Code Ann. § 49-6-3402, the Court found that "assuming *arguendo* that . . . McKinley was not entitled to due process *prior* to the decision to transfer him to Washington Alternative School, he was entitled to written notice and due process subsequent to the decision to transfer him." [Doc. No. 31, pp. 18-19]. Further, the Court noted that "the amendments to the . . . original complaint assert that neither [McKinley] nor his mother, Avis Love, were ever given any written notice of their right to appeal the decision to transfer . . . McKinley "to Washington Alternative School." [Doc. No. 31, p. 19].

However, as is clear from the evidence attached to the instant motion for a summary judgment, McKinley was given notice of his right to appeal his suspension/transfer to the alternative school and decided not to exercise his right to such an appeal. As is noted above, the August 15, 2002 letter from Superintendent Jesse Register informing Avis Love of McKinley's suspension/transfer is a notice that Love could request review of the decision by providing written

8

notice to the superintendent's office within five days of the notice [Doc. No. 52, Exhibit 4].[1] Further, under the heading "Due Process Rights" the notice of McKinley's suspension stated that he had the right to appeal the decision to either the Superintendent of the Disciplinary Hearing Official and the School Board and stated that the appeal process could be initiated by a telephone call to 209-8430 [Doc. No. 52, Exhibit A].

Further, the during his deposition, McKinley essentially admitted that he was aware of his right to appeal his suspension/transfer, but that he and his mother decided not to pursue an appeal. [Doc. No. 52, deposition, pp. 81-82]. The deposition testimony which McKinley has presented in support of his response to the HCDOE defendants' motion for a summary judgment does not contradict the evidence submitted by the HCDOE defendants in support of their motion for a summary judgment. In fact the only deposition testimony which McKinley presented in support of his response to the HCDOE defendants' motion for a summary judgment is his own deposition of February 23, 2005 [Doc. No. 61].

In his February 23, 2005 deposition, McKinley discussed the April 15, 2002 letter from Superintendent Register:

> Q   This exhibit is dated August 15, 2002 . . . .
>
> Q   And it says dear Ms. Love, I have reviewed the facts regarding your son's long term suspension for smoking marijuana on the way to school at Brainerd High.
>
> A   Yes.
>
> Q   I will modify this year long suspension in accordance with the following. Marco may attend the Washington Alternative School for

---

[1] McKinley was 17 at the time of his suspension; thus, as he was under the age of 18, his mother, Avis Love would have had to have brought/requested any appeal.

9

> the first semester.
>
> A    Yes.
>
> Q    He may return to Brainerd High School for the second semester.
>
> A    Yes . . . .
>
> Q    And then the last paragraph says you may request the Hamilton County Board of Education review this decision by providing written notice to my office within five calendar days of receipt of this letter . . . .
>
> Q    Okay. And the superintendent said if you want to, you can even appeal this to the full Board of Education; right?
>
> A    Yes.
>
> Q    But your mother chose not to do that; right?
>
> A    Yeah . . . .
>
> Q    Okay. So you and your mom made the decision not to appeal this because you would rather be in school - -
>
> A    Doing something . . .
>
> Q    Okay. So y'all just decided not to do the appeal and go ahead and get this over with?
>
> A    Yeah.

[Doc. No. 61, pp. 84-88].

Thus, McKinley did not suffer any deprivation of his procedural due process rights because he has admitted that within the ten (10) day time-frame specified in Tenn. Code Ann. § 49-6-3402 he received written notice of his right to appeal his suspension/transfer to the alternative school, was aware of his right to appeal the suspension/transfer and made the decision not to pursue any appeal. Accordingly, that aspect of the HCDOE defendants' motion for a summary judgment on

10

McKinley's remaining claims [Doc. No. 51] which seeks a summary judgment on McKinley's claim that he was denied procedural due process in connection with his suspension/transfer will be **GRANTED**.

### (2) McKinley's Fifth Amendment Claim

In this Court's memorandum and order of May 12, 2004, the Court found that the HCDOE defendants were not entitled to dismissal of McKinley's claim under the Fifth Amendment pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 31, p. 12]. Specifically, the Court found in pertinent part that:

> In this action, plaintiff McKinley alleges that he admitted/confessed to smoking marijuana, allegedly on a previous occasion, after being repeatedly questioned and threatened when asked about suspected marijuana use by Defendants Lott, Ward and Dallas, as well as Officer Suttles, in the [Brainerd High School] principal's office. According to the plaintiffs' complaint, McKinley alleges that as soon as he admitted the use of marijuana he was told he was being taken to juvenile hall . . .
>
> The Court finds that the motion of defendants Lott, Ward, Dallas and the [Hamilton County Department of Education] to dismiss [McKinley's] claims under the Fourth Amendment actually encompasses a claim . . . under the Fifth Amendment. A § 1983 action *may* exist under the self-incrimination clause of the Fifth Amendment if coercion was applied to obtain inculpatory statements, and the statements thereby obtained are used against the plaintiff in a criminal proceeding. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2nd Cir. 1988).
>
> In this action, if plaintiff McKinley can show that the inculpatory statement(s) he made in the [Brainerd High School] principal's office was the product of coercion by defendants Lott, Ward and Dallas and that the statements were used against him in the juvenile proceedings, he can establish a cognizable § 1983 claim for the violation of his rights under the Fifth Amendment . . . .

[Doc. No. 13-14, pp. 13-14](emphasis in original).

A constitutional violation of the Fifth Amendment privilege against self-incrimination occurs only when an illegally obtained incriminatory statement is introduced at trial. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264, 110 S. Ct. 1056, 108 L.Ed.2d 222 (1990); *Grooms v. Marshall*, 142 F.Supp.2d 927, 936 (S.D. Ohio 2001). The evidence presented to the Court in

11

connection with the instant motion for a summary judgment unequivocally establishes that the inculpatory statement(s) made by McKinley in the Brainerd High School principal's officer – assuming *arguendo* that such incriminating statement(s) were improperly obtained pursuant to the Fifth Amendment privilege against self-incrimination – were never introduced at any trial/juvenile proceeding because no such trial/juvenile proceeding ever occurred.

During his February 23, 2005 deposition McKinley testified:

Q      Okay. So each time you went back [to juvenile court] Officer Suttles wasn't there?

A      Nobody showed up.

Q      Dr. Lott wasn't there?

A      No.

Q      Frank Jones, the assistant principal at Brainerd, he wasn't there either?

A      Nobody.

Q      Okay. So do I understand correctly, then, at no point did anybody testify against you and say –

A      No.

Q      - - Marco McKinley confessed to smoking marijuana?

A      No.

Q      Nobody ever mentioned that?

A      Nobody. No.

Q      Okay. You went to court on two or three separate occasions?

A      Yeah, and nobody showed up either time.

Q      No one showed up. So you never - - you were never tried?

A       Yeah.  They didn't - - we didn't ever have a court hearing basically
                . . . .

[Doc. No. 61, pp. 69-70].

Thus, based upon his own testimony, McKinley's Fifth Amendment claims against the HCDOE defendants are utterly lacking in merit because the inculpatory statement(s) which he alleged was obtained in the Brainerd High School principal's office in derogation of his Fifth Amendment privilege against self-incrimination was never used against him at trial/hearing. Accordingly, that aspect of the HCDOE defendants' motion for a summary judgment on McKinley's remaining claims [Doc. No. 51] which seeks a summary judgment on McKinley's claim that his privilege against self-incrimination under the Fifth Amendment will be **GRANTED**.

**IV.    Conclusion**

For the reasons stated, the HCDOE defendants' motion for a summary judgment on McKinley's remaining claims against them [Doc. No. 51] is **GRANTED**.

A separate order will enter.

                                                    */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                            CHIEF UNITED STATES DISTRICT JUDGE